IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (Baltimore)

KIRAN AKALWADI *

      Plaintiff

                                 *

v.                                      Case No.: RDB 02 CV 3604

                                 *

RISK MANAGEMENT
ALTERNATIVES, INC.   *

      Defendant   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

    Defendant, Risk Management Alternatives, Inc. ("RMA"), by its attorney, files this Response to Plaintiff's Motion for Summary Judgment.

    **I.    PLAINTIFF'S CLAIM THAT HE SHOULD BE AWARDED DAMAGES DUE TO THE DEBT TEMPORARILY BEING LISTED TWICE ON HIS CREDIT REPORT IS WITHOUT MERIT AS DEFENDANT'S ACTIONS FALL SQUARELY UNDER THE *BONA FIDE* ERROR DEFENSE.**

    As stated in Defendant's Motion for Summary Judgment ("Motion"), Defendant's action, the temporary listing of the debt twice on one of Plaintiff's credit reports, falls clearly under the *bona fide* error defense. The affidavit submitted by Ms. Marilyn Balko, Vice President of Operations at RMA's Ottawa Kansas office, attached to the Motion as Exhibit 3 states that there are safeguards in place to prevent this type of error. This affidavit goes unrefuted by Plaintiff and is discussed in detail in the Motion.

    The fact that this was simply an error is further corroborated by the Plaintiff himself who states in his deposition, attached to Defendant's Motion as Exhibit 4, that he believed RMA did not even know the account was listed twice.

Plaintiff's claim that the debt was incorrectly calculated is also unjustified as Plaintiff agreed that he signed the contract with Enterprise.  Plaintiff goes on to acknowledge in his deposition that there was a provision in the contract which allowed for Enterprise to collect attorneys' fees and costs.  This charge for fees and costs was correctly passed onto Plaintiff by RMA.

## II. PLAINTIFF'S CLAIM THAT RMA DID NOT PROVIDE VERIFICATION OF THE DEBT TO PLAINTIFF IS NOT A VIOLATION OF THE FDCPA.

Plaintiff, in his second argument in his Motion for Summary Judgment, alleges that § 1692(e) of the FDCPA requires that RMA provide written verification of the debt.  This portion of the FDCPA does not address verification of the debt.  Assuming, *arguendo,* that Plaintiff is referring to §1692g, FDCPA §§ 1692g(a)(3) and (4) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing --
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification . . . will be mailed to the consumer by the debt collector.

Plaintiff never notified RMA, in writing, within 30 days of the initial notice, that he wanted verification of the debt.  Since he did not due so, and never claimed writing, within the first 30 days, that any portion of the debt was disputed, the debt is assumed to be valid.  Accordingly,  Plaintiff's claim that Defendant violated FDCPA § 1692e(2) or § 1692g is

baseless.

### III.    PLAINTIFF CANNOT PROVE THAT HE SUSTAINED ANY DAMAGES AND THEREFOR IS NOT ENTITLED TO ANY RELIEF.

Plaintiff, in his deposition, relevant portions being attached to Defendant's Motion, states that he did not suffer any physical or emotional distress associated with his failure to pay the Enterprise bill and RMA's subsequent attempts to collect on this bill.  Plaintiff's only claim is that he could not get the lowest mortgage interest rate possible when the debt appeared twice on his credit report.

Plaintiff goes on to state that he began his house hunting in September or October of 2002; See Plaintiff's Deposition of February 21, 2003 attached hereto as Defendant's Exhibit A.  Plaintiff goes on to state that he was unable to get the lowest rates available and had to wait several months before this matter was resolved.  What Plaintiff fails to mention is that interest rates dropped between October 2002 and January 2003, the time when Plaintiff decided to put a contract in on a home.

According to HSH Associates Financial Publishers, the National Monthly Average of 15 year fixed mortgages, 30 year fixed mortgages or 1 year ARMs all dropped between October 2002 and February 2003.  A copy of the HSH  Report is attached hereto as Exhibit C.  Accordingly, any claim that Plaintiff suffered any damages by having to wait four months to buy a house is disingenuous.

### IV.    FINALLY, PLAINTIFF'S CLAIM THAT THEY SHOULD BE AWARDED $1,000 FOR EACH VIOLATION IS INACCURATE AND ANY AWARD BY THIS COURT SHOULD BE LIMITED TO $1,000.

Plaintiff requests this Court to award $1,000 in statutory damages for each violation of the FDCPA. While Defendant argues that no compensable violation of the Act occurred, even if the Court finds that a technical violation exists, Plaintiff should be limited to $1,000 in damages.

In the case of <u>Barber v. National Revenue Corp.</u>, 932 F. Supp. 1153 (W.D. Wis. 1996) the Court conducts an analysis as to the legislative intent of 15 U.S.C. § 1692k(a)(2)(A). The court, when determining whether a successful Plaintiff, under the FDCPA, should recover $1,000 for each violation or $1,000 for each proceeding, concluded that damages should be limited to $1,000 per proceeding and not per violation. "Although the Seventh Circuit Court of Appeals has not yet addressed this issue a majority of those federal courts which have, hold that the $1,000 limitation of statutory damages applies to each action, regardless of the number of violations in the Act." <u>Barber,</u> at 1156. Citing <u>Wright v. Finance Serv of Norwalk, Inc.</u>, 22 F. 3d 647, 651 (6th Cir. 1994), <u>Harper v. Better Business Servs., Inc.</u>, 961 F. 2d 1561, 1563 (11th Cir. 1992), <u>Teng v. Metropolitan Retail Recovery, Inc.</u>, 851 F. Supp. 61, 69 (E.D. N.Y. 1994), <u>Beattie v. D.M. Collections, Inc.,</u> 764 F. Supp. 925, 928 (D. Del. 1991) and <u>Harvey v. United Adjusters,</u> 509 F. Supp. 1218, 1222 (D. Or. 1981).

Accordingly, even if the Court does find that RMA committed a technical violation of the statute, $1,000 is all that this Court should award. This, in conjunction with the offer of judgment that was made to Plaintiff and is attached to Plaintiff's Motion as Exhibit 2, should allow this court to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted, all claims presently pending before this court should be dismissed and attorneys' fees should be awarded against Plaintiff for filing this Complaint.


By: _____/s/_____
Jeffrey L. Friedman
100 Owings Court, Suite 4
Reisterstown, Maryland 21136
(410) 526-4500

Attorney for Risk Management Alternatives, Inc.

Dated:  October 17, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (Baltimore)

| | | |
|---|---|---|
| KIRAN AKALWADI | * | |
| Plaintiff | * | |
| v. | * | Case No.: RDB 02 CV 3604 |
| RISK MANAGEMENT ALTERNATIVES, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF FILING LENGTHY EXHIBITS

Defendant, Risk Management Alternatives, Inc. ("RMA"), by its attorney, files this Notice of Filing Lengthy Exhibits in conjunction with its Response to Plaintiff's Motion for Summary Judgment. A copy of said Exhibits has been mailed to Plaintiff's counsel as well as the Court.

_____/s/_____
Jeffrey L. Friedman
100 Owings Court, Suite 4
Reisterstown, Maryland 21136
(410) 526-4500
Federal Bar Number 06290

Attorney for Risk Management
Alternatives, Inc.