IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (Baltimore)

KIRAN AKALWADI                          *

    Plaintiff
                                             *

v.                                       Case No.: RDB 02 CV 3604
                                             *

RISK MANAGEMENT
ALTERNATIVES, INC.                       *

    Defendant                          *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Risk Management Alternatives, Inc. ("RMA"), by its attorney, files this Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

**I.  PLAINTIFF, IN HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, HAS MISSTATED THE FACTS OF THE CASE.**

Plaintiff has misstated the facts concerning the case at hand.  Plaintiff has continued to allege that Defendant concedes that it engaged in misconduct, a fact that cannot be further from the truth.  Plaintiff alleges that he did not owe the money claimed by RMA, another fact that Plaintiff contradicts in his Deposition, conceding that the debt to RMA still exists and is owed by Plaintiff.  Defendant never admits that it falsely reported the nature and status of Plaintiff's debt but merely acknowledges that a clerical mistake was made by temporarily listing the debt twice with one of the credit bureaus.  The other 2 credit bureaus did not list either of the debts.

**Plaintiff has also misled the Court by referencing and attaching portions of deposition transcripts that do not fully address the response given by Defendant's witnesses and misconstruing the wording therein.  As an example, no where in Ms. Balko's deposition transcript, attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition") as Exhibit "E", does she state that RMA failed to correct any problems of which it may be aware.  In fact, Ms Balko's affidavit, which Plaintiff wishes to refute without a factual basis, clearly states that once she was made aware of the clerical error in reporting the debt twice, RMA removed both of the debts from Plaintiff's credit report.**

**Plaintiff alleges that RMA falsely reported that it reinvestigated the debts but RMA had obviously done so since Exhibit "G" of the Opposition states that an investigation was done and that the debt was still owed.  The misstatement of the facts in Plaintiff's Opposition are so numerous as to categorize the Opposition a fairy tale.**

**II.     PLAINTIFF'S ALLEGATIONS OF OTHER EXISTING LAWSUITS AGAINST RMA IS IRRELEVANT.**

**Plaintiff assertion that, since other lawsuits were filed against RMA over the past 3 years, RMA has not maintained procedures reasonably adopted to prevent errors, in untenable.  The fact that numerous lawsuits were filed against them does not prove anything.  If Plaintiff took the time to see the results of the suits listed in Exhibit "K" of his Opposition, he would have seen that none of these actions resulted in a judgment being entered against RMA.  RMA is one of the largest collection agencies in the world, servicing over 20,000,000 accounts each year.  RMA has numerous safeguards in place to ensure that**

mistakes are kept to a minimum.  RMA, in its Answers to Interrogatories, provided Plaintiff with a copy of the test that all collectors must pass with a score of 100% before they are allowed to telephone debtors, a copy of which is attached hereto as <u>Exhibit 1.</u>  This is just one of the safeguards that RMA incorporates into its everyday business.

### III. THE BONA FIDE ERROR DEFENSE APPLIES TO MISTAKES OF FACT AS WELL AS CLERICAL MISTAKES.

While Plaintiff believes that the *bona fide* error defense only applies to clerical mistakes, it is clear that there are a numerous jurisdictions that apply this defense to mistakes of law as well.  See <u>Johnson v. Riddle,</u> 305 F.3d 1107, 1112 (10th Cir. 2002).  Even if the Court believes that mistakes of law are not covered by the *bona fide* error defense, RMA's actions should clearly be classified as clerical.

### IV. PLAINTIFF MISLEADS THE COURT IN PRESENTING CASE LAW THAT DEALS WITH NUMBERS OF TELEPHONE CALLS TO DEBTORS.

Plaintiff cites two cases when dealing with the issue of the number of telephone calls that courts have found to be harassing or abusive.  In the first case cited, <u>Kuhn v. Account Control Technology, Inc.,</u> 865 F. Supp 1443 (D. Nev. 1994), Plaintiff alleges that the Court found only six telephone calls to be harassing.  Plaintiff fails to notify this Court that the six phone calls were made within a 24 minute period.  <u>Kuhn,</u> at 1453.  In the second case cited, <u>Venus v. Professional Service Bureau, Inc.,</u> 353 N.W. 2d 671 (Minn. App. Ct. 1984), Plaintiff attempts to convince the court that a single phone call was enough to be harassing.  While this may be so, Plaintiff conveniently forgot to mention that the phone call to the

debtor included calling the debtor a "deadbeat" with the collector going on to threaten the debtor to "stay out of Minnesota if you know what is good for you and your family." <u>Venus,</u> at 675.

 RMA, using an automatic dialer, contacted Plaintiff twenty eight times over a two month period, simply leaving a message on his machine to call RMA to discuss the account. Plaintiff's claim, that a message left on his answering machine every two or three days was harassing, is disingenuous. This is simply an attempt by a collection agency to collect a legitimate debt.

 V. **FINALLY, PLAINTIFF HAS STILL FAILED TO PRODUCE A SCINTILLA OF EVIDENCE THAT PLAINTIFF SUFFERED ANY DAMAGES WHATSOEVER.**

 Plaintiff again makes bald allegations of damages sustained. As previously stated in Defendant's Response to Plaintiff's Motion for Summary Judgment, even if Plaintiff was forced to wait an additional month before he could obtain the lowest interest rate available, the interest rates went down during the time in question. Hence, Plaintiff actually benefited from the delay in obtaining financing.

 Plaintiff's Exhibit "W" in his Opposition is nothing more than an Agreement to represent Plaintiff if he were to purchase a home. There has been no proof submitted that Plaintiff attempted to buy a house and was turned down after this Buyer's Agreement was executed. Furthermore, by the time Plaintiff signed the Agreement, RMA had already removed the duplicate debt from his credit report. RMA has already addressed Plaintiff's other claims in its' previous Motions.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted, all claims presently pending before this court should be dismissed and attorneys' fees should be awarded against Plaintiff for filing this Complaint.

                                                      **By: _____/s/_____**
                                                      **Jeffrey L. Friedman**
                                                      **100 Owings Court, Suite 4**
                                                      **Reisterstown, Maryland 21136**
                                                      **(410) 526-4500**

                                                      **Attorney for Risk Management Alternatives, Inc.**

**Dated:  October 31, 2003**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (Baltimore)

**KIRAN AKALWADI**

       \*

    **Plaintiff**

       \*

v.                       Case No.: RDB 02 CV 3604

       \*

**RISK MANAGEMENT
ALTERNATIVES, INC.**    \*

    **Defendant**    \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF FILING LENGTHY EXHIBITS

Defendant, Risk Management Alternatives, Inc. ("RMA"), by its attorney, files this Notice of Filing Lengthy Exhibits in conjunction with its Response to Plaintiff's Motion for Summary Judgment. A copy of said Exhibits has been mailed to Plaintiff's counsel as well as the Court.

                                             _____/s/_____
                                             **Jeffrey L. Friedman**
                                             **100 Owings Court, Suite 4**
                                             **Reisterstown, Maryland 21136**
                                             **(410) 526-4500**
                                             **Federal Bar Number 06290**

                                             **Attorney for Risk Management
                                             Alternatives, Inc.**